In the Matter of the Application of KOSCH, LEWIS & REUBEN, Attorneys, to Have Fixed and Determined Their Compensation for Professional Services Rendered by Them to CHARLES ARTHUR McKEVETT, Both as a Distributee and as Administrator, etc., of BERT McKEVETT, Deceased. CHARLES ARTHUR McKEVETT, Individually, Appellant; KOSCH, LEWIS & REUBEN, Attorneys, Respondents. (Appeal No. 1.) In the Matter of the Application of KOSCH, LEWIS & REUBEN, Attorneys, to Have Fixed and Determined Their Compensation for Professional Services Rendered by Them to CHARLES ARTHUR McKEVETT, Both as a Distributee and as Administrator, etc., of BERT McKEVETT, Deceased. CHARLES ARTHUR McKEVETT and ETTA SPRING McKEVETT, as Administrators, etc., of BERT McKEVETT, Deceased, Appellants; KOSCH, LEWIS & REUBEN, Attorneys, Respondents. (Appeal No. 2.) — (Appeal No. 1.) Order of the Surrogate's Court of Suffolk county, denying on reargument the motion of Charles Arthur McKevett, individually, for a jury trial in a proceeding under section 231-a of the Surrogate's Court Act, reversed on the law, with ten dollars costs and disbursements, payable out of the estate, and motion granted. (Appeal No. 2.) Order denying on reargument the similar motion of the administrators reversed on the law, with ten dollars costs and disbursements, payable out of the estate, and motion granted. In the opinion of this court, a party to such a proceeding is entitled to a jury trial as a matter of right. The earlier cases to the contrary must be deemed to have been overruled by Matter of Matheson (265 N. Y. 81). Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

3.) — Order of the Surrogate's Court of Suffolk county granting, on reargument, the motion of the administrators for a further bill of particulars modified by directing that the petitioners file and serve a verified bill of particulars setting forth only the amount claimed as the fair and reasonable value of the services alleged to have been rendered by them in connection with the matters referred to in the former bill of particulars as items " F " and " I." As so modified, the order in so far as an appeal is taken therefrom, is affirmed, without costs. In the opinion of this court, the items lettered " B," " C," " D," " E," " G," and " H " are so closely connected that they are not reasonably subject to separate valuation. The bill of particulars will be served within five days from the entry of the order hereon. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur. [See 254 App. Div. 564.]